UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH, | No. 2:15-cv-0332 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| R. HAWKINS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Defendants removed this action from the Amador County Superior Court, requested the court issue a screening order and grant defendants an extension of time to file a responsive pleading, and paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Good cause appearing, defendants' request for screening order and extension of time is granted. Defendants are relieved of their obligation to file a responsive pleading until further order of court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Here, plaintiff alleges, in general terms, that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and his equal protection rights. However, plaintiff fails to identify his serious medical needs, and fails to set forth specific factual allegations that demonstrate how each named defendant was allegedly deliberately indifferent to

1  plaintiff's serious medical needs. In addition, it appears that defendants Smith and Smiley were

2  named based solely on their supervisory roles at Mule Creek State Prison.

3        The Civil Rights Act under which this action was filed provides as follows:

4            Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the

5            deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at

6            law, suit in equity, or other proper proceeding for redress.

7  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

8  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

9  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

10  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

11  affirmative link between the incidents of police misconduct and the adoption of any plan or policy

12  demonstrating their authorization or approval of such misconduct). "A person 'subjects' another

13  to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

14  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

15  legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,

16  588 F.2d 740, 743 (9th Cir. 1978).

17        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

18  their employees under a theory of respondeat superior and, therefore, when a named defendant

19  holds a supervisorial position, the causal link between him and the claimed constitutional

20  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

21  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

22  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

23  denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of

24  official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673

25  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

26  participation is insufficient).

27        While the Eighth Amendment of the United States Constitution entitles plaintiff to

28  medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.)

The court dismisses plaintiff's complaint, but grants him leave to file an amended complaint. Plaintiff may not rely on exhibits to explain what acts or omissions demonstrate deliberate indifference. Rather, plaintiff must set forth specific facts addressing the elements set forth above. Moreover, as presently pled, plaintiff's allegations as to defendants Smith and Smiley are based on the theory of respondeat superior; that is, that their supervisory roles demonstrate their Eighth Amendment liability. However, as set forth above, plaintiff must demonstrate an actual link or connection between each defendant and the alleged Constitutional violation. Allegations based solely on a theory of respondeat superior are insufficient to state a cognizable civil rights claim.

It is unclear whether plaintiff attempts to raise claims based on defendants' role in the administrative grievance process. However, plaintiff is cautioned that prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Put

4

another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g. Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff also alleges that defendants violated his right to equal protection. However, plaintiff alleges no facts in support of this claim. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Here, plaintiff fails to demonstrate that defendants treated him differently on the basis of being a member of a protected class, or that similarly situated individuals were treated differently. Given that plaintiff's claims arise from medical care, it is unlikely that other prisoners are similarly situated to plaintiff.

In his state court form, plaintiff also alleges claims for negligence and "intentional torts." Such claims are not cognizable civil rights claims in federal court. Moreover, in both sections, plaintiff relies on the Eighth Amendment and his right to equal protection, and merely alleges "deliberate indifference." Thus, it appears such claims may be subsumed within plaintiff's Eighth Amendment claim.

Finally, plaintiff's 56 page filing is not short and plain. Plaintiff is advised that in his amended complaint, he is not required to demonstrate that he has exhausted his administrative remedies, and he is not required to provide exhibits to his complaint. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u>, 556 U.S. at 678 (<u>quoting</u> <u>Bell Atlantic Corp.</u>, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Ashcroft</u>, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. <u>Id.</u> at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; <u>see</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

The parties are advised that the previously-submitted exhibits appended to plaintiff's state court complaint remain a part of the court record and may be referred to by any party.  Plaintiff need file no further exhibits until he is required to submit evidence in support of a dispositive motion, at trial, or upon further order of court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' request for screening order and extension of time (ECF No. 3) is granted. Defendants are relieved of their obligation to file a responsive pleading until further order of court.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: April 10, 2015

/jose0332.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH,<br><br>            Plaintiff,<br><br>     v.<br><br>R. HAWKINS, et al.,<br><br>            Defendants. | No.  2:15-cv-0332 JAM KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

     _____        Amended Complaint
DATED:

                                                    _____
                                                    Plaintiff