UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH, | No. 2:15-cv-0332 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| R. HAWKINS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. On April 10, 2015, plaintiff's original complaint was dismissed, and plaintiff was granted leave to file an amended complaint. On April 20, 2015, plaintiff filed a motion for leave to file an amended complaint, accompanied by an amended complaint. Because plaintiff was granted leave to amend, no motion was required. Thus, plaintiff's motion to amend is denied as moot.

Plaintiff's amended complaint is before the court. For the reasons set forth below, plaintiff's amended complaint is dismissed. However, plaintiff will be granted one final opportunity to amend.

I. Screening

As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion

thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

II. Eighth Amendment Claims

While the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

1  indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is
2  shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need,
3  and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at
4  1096).  The requisite state of mind is one of subjective recklessness, which entails more than
5  ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted);
6  Wilhelm, 680 F.3d at 1122.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not
7  support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.
8  1980) (citing Estelle, 429 U.S. at 105-06.)

9     In plaintiff's unverified amended complaint, plaintiff names three individuals as
10 defendants:  treating physician Dr. Hawkins; Chief Physician C. Smith; and Chief Executive
11 Officer W. David Smiley.  Plaintiff alleges that defendants were deliberately indifferent to
12 plaintiff's serious medical needs because they failed to prescribe pain medication for the chronic
13 pain plaintiff suffers from arthritis.  Specifically, plaintiff contends that defendant Hawkins
14 referred plaintiff to the pain management committee ("PMC"), but told them not to give plaintiff
15 a controlled substance.  Plaintiff alleges that defendant Smith granted plaintiff's administrative
16 appeal, and stated that plaintiff would be referred to the PMC, but that plaintiff's medications
17 would remain the same.  Plaintiff argues that defendant Smith should have overruled Dr. Hawkins
18 and allowed the PMC to make their own recommendations on what medications plaintiff would
19 get.  Plaintiff alleges that defendant Smiley also granted plaintiff's administrative appeal, but did
20 not take any action on the request, and should have contacted the PMC and inquire about
21 plaintiff's medical issues rather than simply reiterating what Dr. Hawkins recommended.
22 Plaintiff claims that defendants violated his Eighth Amendment and equal protection rights.

23    First, the exhibits appended to the amended complaint refute plaintiff's claim that Dr.
24 Hawkins informed the PMC not to give plaintiff a controlled substance.  Both Dr. Smith and
25 defendant Smiley noted that Dr. Hawkins found that plaintiff's medications would stay the same
26 *at that time*, and that plaintiff did not require a prescription for controlled substances *at that time*.
27 (ECF No. 8 at 20, 23, emphasis added.)  In addition, Dr. Smith noted that Dr. Hawkins said that
28 "no controlled substances will be prescribed *at this time*" and that "a determination for additional

pain medications will be made upon the completion of [plaintiff's] Pain Management Committee Review." (ECF No. 8 at 20, emphasis added.) Such appeal responses do not raise an inference that Dr. Hawkins informed the PMC to deny plaintiff stronger pain medication or a controlled substance, and Dr. Smith's response specifically refutes plaintiff's allegation.

Second, plaintiff fails to state a cognizable civil rights claim against defendants. Dr. Hawkins interviewed plaintiff in connection with plaintiff's administrative appeals, and defendants Dr. Smith and Smiley reviewed plaintiff's administrative appeals. All of the defendants agreed that the proper medical care for plaintiff's chronic pain complaint was to refer plaintiff to the PMC, which in this court's experience is a common protocol for prisoners suffering from chronic pain. The exhibits provided by plaintiff demonstrate that he had a chronic pain intake appointment on May 14, 2014, during the administrative appeal process, and Dr. Hawkins provided plaintiff a referral to the PMC to have plaintiff's case reviewed. (ECF No. 8 at 23.) Plaintiff's case was discussed in a PMC meeting on July 29, 2014. (ECF No. 8 at 26.)

To the extent plaintiff contends that defendants should have provided plaintiff with additional pain medication or taken further steps to involve themselves with the PMC, such contentions represent a mere difference of opinion. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§]1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). During the appeal process, plaintiff received prescriptions for Acetaminophen and for nonsteroidal anti-inflammatory drugs (NSAIDS), "as [plaintiff] [was] able to perform [his] activities of daily living well on [his] current treatment plan," and his prescription for Naproxen, to help with pain, was renewed. (ECF No. 8 at 23.) Plaintiff may disagree that the medications were sufficient, but that disagreement, standing alone, is not proof of an Eighth Amendment violation. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir. 1996). Rather, plaintiff must allege facts demonstrating that by not providing him with opiates, defendants' medical care was constitutionally deficient. Plaintiff has failed to do so.

////

Third, the medical record provided by plaintiff demonstrates that the PMC found it inappropriate to prescribe plaintiff opiates. On July 29, 2014, plaintiff was seen by the PMC which noted the following medications for plaintiff: "Tramadol, . . . Naproxen, APAP."[1] (ECF No. 8 at 34.) The committee also noted that plaintiff was markedly obese, and recommended that plaintiff change his life style and lose weight, and continue his medications. (ECF No. 8 at 34.) The committee determined that

> further treatment with opiates is contraindicated or not helpful. At this time chronic opiate therapy is not indicated or appropriate; there are no outcome data studies that support further use of opiates as being effective medical care. Ongoing medical care to evaluate[] need for pain medications in future, including use of opiates for acute pain as needed.

(Id.) Thus, the PMC determined that the use of opiates was inappropriate. Instead, the July 29, 2014 record demonstrates that plaintiff's pain was treated with Tramadol and Naproxen by the PMC. To the extent plaintiff disagrees with the ultimate decision concerning pain management by the PMC, such disagreement, absent further factual allegations not present here,[2] fails to rise to the level of a constitutional violation. In addition to being seen by his primary care physician defendant Dr. Hawkins on April 3, 2014, April 30, 2014, and July 9, 2014, plaintiff was evaluated by a neurologist on July 17, 2014. (ECF No. 8 at 26.) The documents provided by plaintiff demonstrate that he has received pain medication and medical care for his chronic pain.

III. Right to Equal Protection

Plaintiff alleges that defendants violated his right to equal protection. However, plaintiff again alleges no facts in support of this claim. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a

---

[1] Tramadol is an analgesic drug used to relieve pain. Stedman's Medical Dictionary 1859 (27th ed. 2000). Naproxen is a nonsteroidal anti-inflammatory drug used to relieve pain, tenderness, swelling, and stiffness caused by certain forms of arthritis and ankylosing spondylitis. www.ncbi.nlm.nih.gov/pubmedhealth/ PMHT0011337 (May 20, 2015). APAP is the abbreviation for acetaminophen, and treats minor aches and pain and reduces fever. Id., PMHT0008785.

[2] Plaintiff does not allege that he presented to medical with complaints of extreme pain that went untreated. (ECF No. 8, *passim*.) Moreover, in the third level decision, the reviewer noted that "there is no documentation of CDCR 7362, Health Care Services Request Form, submittals with concern for chronic pain." (ECF No. 8 at 26.)

legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Here, plaintiff fails to demonstrate that defendants treated him differently on the basis of being a member of a protected class, or that similarly situated individuals were treated differently. Given that plaintiff's claims arise from medical care, it is unlikely that other prisoners are similarly situated to plaintiff. Unless plaintiff can allege facts demonstrating that similarly-situated inmates were treated differently than plaintiff without a rational basis to a legitimate state purpose, plaintiff should not renew his equal protection claim in any second amended complaint.

## IV. Conclusion

As presently pled, plaintiff's amended complaint fails to demonstrate that any defendant acted with a culpable state of mind. In an abundance of caution, plaintiff is granted one final opportunity to amend the complaint provided he can allege facts sufficient to show that the individual named as a defendant was deliberately indifferent to plaintiff's serious medical needs.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is advised that the previously-submitted exhibits remain a part of the court record and may be referred to by any party. Plaintiff need file no further exhibits until he is required to submit evidence in support of a dispositive motion, at trial, or upon further order of court.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 8) is denied as moot;

2. Plaintiff's amended complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 21, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jose0332.14b